# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

MICHAEL HILL,                                    )
                                                 )
      Plaintiff,                             )
                                                 )
      vs.                                    )          Case No. 4:22-CV-61 DDN
                                                 )
RAYMOND C. WOOD, et al.,                         )
                                                 )
      Defendants.                            )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Michael Hill, an inmate at the Jefferson City Correctional Center ("JCCC"), for leave to commence this civil action without prepayment of the required filing fee. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $145.01. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will allow plaintiff the opportunity to submit an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed *in forma pauperis*, plaintiff submitted a copy of his certified inmate account statement. ECF No. 3. A review of plaintiff's account from the relevant six-month period indicates an average monthly deposit of $222.98 and an average monthly balance of $725.07. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $145.01, which is 20 percent of plaintiff's average monthly balance.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Self-represented plaintiff filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983 alleging excessive use of force and denial of medical treatment. ECF No. 1. Plaintiff names eight defendants in their individual capacities only: (1) Raymond C. Wood, Corrections Officer I; (2) Jerry L. Amonds, Corrections Officer I; (3) Jeffrey D. Clark, Registered Nurse; (4) Lisa Ivy, Registered Nurse and Health Services Administrator; (5) John Doe Klemp, Corrections Officer II; (6) Jane Doe Holly, Nurse Practitioner; (7) Jane Doe Herrington, Nurse Practitioner; and (8) Unknown Khengar, Doctor.[1] Plaintiff identifies defendants Wood, Amonds, and Klemp as employees of the Missouri Department of Corrections ("MDOC"), and defendants Holly, Clark, Ivy, Herrington, and Khengar as employees of Corizon Medical Services ("Corizon").

Plaintiff alleges that on the evening of June 4, 2021 he was being escorted to housing unit #5 by defendants Wood, Klemp, and "other security guards." *Id.* at 7. During the escort, plaintiff states he fell to the ground "as a result of the force they were using." *Id.* Plaintiff asserts "each

---

[1] In the caption section of the form complaint, plaintiff lists six defendants. In the section designated to name and describe all parties to the complaint, plaintiff lists a total of eight defendants.

security guard" twisted his wrists and arms upward and tightened the handcuffs causing him to yell. Plaintiff alleges they ignored his "cries of pain" and "collectively kept on twisting [his] arms, wrists, and hands, and also squeezing tightly the handcuffs on [his] wrists so bad that it caused [him] to pass [] out and [his] hands and wrists to swell [] up." *Id.* When he awoke, plaintiff claims the guards were unable to remove the cuffs for approximately thirty minutes because his wrists and hands were so swollen. *Id.* Plaintiff asserts the incident caused nerve damage, and he was not provided with proper medical treatment by defendants Holly, Khengar, Clark, Ivy, and "other medical staff." *Id.*

In the section of the form complaint for plaintiff to state his injuries, plaintiff indicated he was given "wrist tendon injury rehabilitation exercises," Pyridoxine, Ibuprofen, Duloxen, and a nerve conduction study referral. *Id.* at 8. He complains, however, that he never received a nerve conduction study or an MRI. For relief, he seeks $50,000 in compensatory damages and $100,000 in punitive damages. *Id.* at 9.

Attached to the complaint are thirteen pages of documents labeled as Exhibits A through G. ECF No. 1-1 to 1-7. Exhibit A is a one-page "Wrist Tendon Injury Rehabilitation Exercises" fact sheet. ECF No. 1-1. Exhibit B is a Conduct Violation Report in which defendant Wood reported that plaintiff was "noncompliant to all verbal directives to walk and was actively resisting the escort" causing him to use force during the June 4th incident. ECF No. 1-2 at 1. Exhibit C is plaintiff's Informal Resolution Request ("IRR") and institutional response. ECF No. 1-3. The response denied plaintiff's IRR for the following reason:

> **Findings**: I have reviewed your complaint and I found the following: While being escorted to the segregation unit for being placed on TASC status for 11.5 under the influence of an intoxicating substance, you became noncompliant to all verbal directives to walk and actively resisted the escort. These actions resulted in the spontaneous use of force. I find that staff reacted to your actions to keep you from harming yourself and others during this time of being under the influence of an intoxicating substance. You have failed to provide any new evidence that would change the outcome of violation FCC21-203. It is an expectation that each offender

comply fully with department and institutional rules and treat others with respect
and civility. This will help to make your stay as trouble-free as possible.

ECF No. 1-3 at 2. Exhibit D is plaintiff's Grievance filing and the Warden's Response, which also

found the use of force to be reasonable under the circumstances and indicated that plaintiff did not

complain of any injuries during the medical assessment conducted after the incident. ECF No. 1-

4. Exhibit E is plaintiff's Grievance Appeal and Grievance Appeal Response. ECF No. 1-5.

Plaintiff submitted two additional IRR's complaining of the medical care he received,

which are included in Exhibits F and G. ECF No. 1-6 at 1; ECF No. 1-7 at 1. The first response,

dated June 30, 2021, indicated that plaintiff was seen by a Nurse Practitioner who assessed his left

hand. ECF No. 1-6 at 2. The second response, dated September 3, 2021, indicated that plaintiff

was evaluated and treated for his left wrist/hand issues, and x-ray results found "no fractures and

[his] joint spaces [were] appropriate." ECF No. 1-7 at 2.

### Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court

concludes that it is subject to dismissal. However, in consideration of plaintiff's self-represented

status, the Court will allow him to file an amended complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the

deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Krych

v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of self-represented plaintiff's

complaint against defendants who were merely listed as defendants in the complaint, but against

whom no allegations of constitutional harm were made); *Martin v. Sargent*, 780 F.2d 1334, 1338

(8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff failed to allege defendant was

personally involved in or directly responsible for incidents that injured plaintiff).

In the instant action, plaintiff has not set forth sufficient facts indicating how most of the

named defendants were directly involved in or personally responsible for the alleged violations of

plaintiff's constitutional rights. As to his excessive force claims, plaintiff alleges defendants Wood, Klemp, and "other security guards" were escorting him to housing unit #5. During the escort, plaintiff asserts the "security guards" twisted and squeezed his hands and wrists until he fell unconscious. It is unclear from plaintiff's complaint whether defendant corrections officer Amonds was present and, if so, what he did to violate plaintiff's constitutional rights.

As to plaintiff's medical treatment claims, he alleges defendants Holly, Khengar, Clark, Ivy, and "other medical staff," denied adequate medical care. Plaintiff does not assert, however, how and when each individual denied him treatment. A federal complaint must contain the 'who , what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016). Conclusory allegations that entire groups have violated a constitutional right are not acceptable and will be dismissed. *See e.g., Bice v. Jordan*, 2010 WL 1187213, at *2 (E.D. Mo. Mar. 29, 2010) (dismissing "Nursing Staff" as improper defendant). Consequently, plaintiff will be instructed to submit an amended complaint with separate, numbered paragraphs explaining how each defendant was personally involved in or directly responsible for harming him.

To any extent plaintiff attempts to bring a claim against defendants due to their supervisory roles (e.g., defendant Ivy as the Health Service Administrator), such a claim is not cognizable under § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (a general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 suits).

**Instructions on Amending the Complaint**

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

**In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue.** *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

**In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.** *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). For example, plaintiff should write the name of the first defendant and in numbered paragraphs under that name state how that specific

defendant utilized excessive force[2] and/or denied him medical care.[3] Plaintiff should repeat this format for each named Defendant. If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

**It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him**. *See Madewell*, 909 F.2d at 1208. A claim alleging the liability of a party solely because he or she held an administrative or supervisory position is not cognizable in a civil rights action. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases). A supervisor is liable for the actions of his subordinates under § 1983 only if he personally participates in the alleged unconstitutional conduct, or when there is a causal connection between his actions and the alleged constitutional deprivation. *See Glick v. Sargent*, 696 F.2d 413, 415 (8th Cir. 1983) (warden must play a personal role in the disciplinary process; he cannot be held liable for the outcome of the process).

Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court

---

[2] "A complaint survives review under 18 U.S.C. § 1915(e) for an Eighth Amendment claim when . . . an identified corrections officer causes serious physical injury to a *non-resisting*, restrained prisoner." *Dixon v. Jennings*, Case No. 4:19-CV-3286 JAR, 2020 WL 2526553, at *2 (E.D. Mo. May 18, 2020) (emphasis added).

[3] "To state a claim for unconstitutional medical mistreatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). To show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To state a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

### Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 4. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny his motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $145.01 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that, within **thirty (30) days of the date of this Memorandum and Order**, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 4) is **DENIED** without prejudice at this time.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

**_____/s/   David D. Noce_____**
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 24, 2022.