UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL HILL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:22-CV-61 DDN |
| RAYMOND C. WOOD, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's amended complaint. Because plaintiff is currently a prisoner, incarcerated at Jefferson City Correctional Center ("JCCC"), the Court is obligated to review his amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim. Upon review of plaintiff's amended complaint, the Court finds that plaintiff's claims for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, are subject to dismissal. However, the Court will issue process on plaintiff's claims for excessive force against defendants Raymond Hill and Sergeant Unknown Klemp, in their individual capacities, for violation of the Eighth Amendment.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff, a prisoner at JCCC, filed his initial action on January 14, 2022, pursuant to 42 U.S.C. § 1983. In his complaint for civil rights violations, plaintiff alleged excessive use of force and denial of medical treatment. He named eight individuals as defendants in this action. However, when the Court reviewed plaintiff's initial pleading pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and failure to state a claim, the Court found that plaintiff had failed to set forth sufficient facts indicating how most of the named defendants were directly involved in or

2

personally responsible for the alleged violations of plaintiff's constitutional rights. Accordingly, on January 24, 2022, the Court ordered plaintiff to amend his complaint, on a court-provided form, within thirty (30) days. Plaintiff filed his amended pleading on February 28, 2022.

In the amended complaint, plaintiff asserts that defendants Raymond Wood and Sergeant Unknown Klemp, officers with the Missouri Department of Corrections, violated his rights on or about the evening of June 4, 2021, at Farmington Correctional Center (FCC) when he was being escorted to housing unit #5. Plaintiff sues defendants in their individual capacities only.

Plaintiff claims that he "fell to the ground as a result of the force they were using while escorting me." He asserts that both officers pulled him "up off the ground," and began to drag him. He states that his wrists were twisted, with his handcuffed arms pulled upward, which made him yell in pain. Plaintiff claims that defendants ignored his cries of pain and yells to stop and continued to pull him towards housing unit 5. He alleges that once inside housing unit 5, the officers braced him against a desk or table and started twisting and squeezing his arms. Plaintiff claims that at this point, the handcuffs were so tight that they were "embedded in his wrist" and this caused him to pass out.

Plaintiff claims that when he awoke, he was naked, inside a suicide cell. Officers asked him if he would like the cuffs removed, but his hands were purportedly so swollen that they were unable to be removed. He asserts that approximately thirty minutes later Officer Ortman was able to remove the handcuffs, but by this time he had nerve damage in his wrists, hands and fingertips.

In the section of the form complaint for plaintiff to state his injuries, plaintiff indicated he was given "wrist tendon injury rehabilitation exercises," Pyridoxine, Ibuprofen, Prednisone, and a nerve conduction study referral. For relief, plaintiff seeks $50,000 "jointly and severally against each named corrections officer," and punitive damages of $100,000.

3

Attached to the complaint are thirteen pages of documents labeled as Exhibits A through G. Exhibit A is a one-page "Wrist Tendon Injury Rehabilitation Exercises" fact sheet.

Exhibit B is a Conduct Violation Report in which defendant Wood reported that plaintiff was "noncompliant to all verbal directives to walk and was actively resisting the escort" causing him to use force during the June 4th incident. Exhibit C is the Corrective Action Report dated June 11, 2021, indicating that there was a hearing relative to the incident in front of Staff Member Ryan Hillis. The findings of the hearing are noted as: "Guilty on written evidence," with "20 days disciplinary segregation" and "90 days activity restriction."

Exhibits D and E are plaintiff's Informal Resolution Request ("IRR") and Informal Resolution Request Response. The response denied plaintiff's IRR for the following reason:

> **Findings**: I have reviewed your complaint and I found the following: While being escorted to the segregation unit for being placed on TASC status for 11.5 under the influence of an intoxicating substance, you became noncompliant to all verbal directives to walk and actively resisted the escort. These actions resulted in the spontaneous use of force. I find that staff reacted to your actions to keep you from harming yourself and others during this time of being under the influence of an intoxicating substance. You have failed to provide any new evidence that would change the outcome of violation FCC21-203. It is an expectation that each offender comply fully with department and institutional rules and treat others with respect and civility. This will help to make your stay as trouble-free as possible.

Exhibits F and G are plaintiff's Grievance and the Warden's Response, which also found the use of force to be reasonable under the circumstances and indicated that plaintiff did not complain of any injuries during the medical assessment conducted after the incident. Exhibits H and I are plaintiff's Grievance Appeal and Grievance Appeal Response.

Plaintiff submitted two additional IRR's complaining of the medical care he received, which are included in Exhibits J and K. The first response, dated June 30, 2021, indicated that plaintiff was seen by a Nurse Practitioner who assessed his left hand. The second response, dated September 3, 2021, indicated that plaintiff was evaluated and treated for his left wrist/hand issues, and x-ray results found "no fractures and [his] joint spaces [were] appropriate."

4

**Discussion**

Having thoroughly reviewed and liberally construed plaintiff's amended complaint, the Court will issue process against defendants Raymond Wood and Sergeant Unknown Klemp, in their individual capacities, as to plaintiff's claims of excessive force in violation of the Eighth Amendment.

The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992). *See also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). *See also Ward v. Smith*, 844 F.3d 717, 721 (8th Cir. 2016) ("Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically"). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986). At this juncture of the case, plaintiff has alleged enough in his amended complaint to pass initial review for an Eighth Amendment violation of excessive force against defendants Wood and Klemp. As such, the Court will order the Clerk to issue process on these claims.

However, the Court will dismiss plaintiff's claims for deliberate indifference to his medical needs, to the extent he is attempting to bring such claims in his amended complaint against defendants Wood and Klemp.

To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). In other words, whether a prison official has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.,* 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need, while under the subjective prong, he or she must show that a prison official actually knew of but disregarded that serious medical need. See *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

Plaintiff has failed to allege that he sought medical treatment from defendants Wood and Klemp for his wrists and arms and that they denied him treatment. These claims will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the $350 District Court filing fee is paid in full.

**IT IS FURTHER ORDERED** that plaintiff's claims in his amended complaint for deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, are subject to **DISMISSAL** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint as to his claims against defendants Raymond Wood and Sergeant Unknown Klemp, in their individual capacities, for excessive force in violation of the Eighth Amendment. The Clerk shall serve defendants through the waiver agreement the Court maintains with the Missouri Department of Corrections.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Raymond Wood and Sergeant Unknown Klemp shall reply to plaintiff's claims for excessive force within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

A separate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 12<u>th</u> day of July, 2022.

                                              HENRY EDWARD AUTREY
                                              UNITED STATES DISTRICT JUDGE